IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TIMOTHY WRIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>A. BUSBY, DUANE STEWART, DOUG FENDER, and MEDICAL STAFF,<br><br>Defendants. | CV 16-00098-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Timothy Wright filed an Amended pursuant to 42 U.S.C. § 1983 alleging Defendants failed to protect him and denied him proper medical care. In a prior Order, the Court determined that Mr. Wright's original Complaint failed to state a claim upon which relief may be granted and was subject to dismissal. Mr. Wright has now filed an amended complaint in which he requests the appointment of counsel. (Doc. 9.) Mr. Wright failed to correct the deficiencies in his Complaint identified in the Court's prior Order. As such, this matter should be dismissed. In light of the recommendation to dismiss this case, the request for the appointment of counsel will be denied.

1

## I. STATEMENT OF THE CASE

### A.   Parties

Mr. Wright is a state prisoner proceeding without counsel.  He is proceeding in forma pauperis.  Mr. Wright is currently incarcerated at Montana State Prison.  All claims alleged in his Complaint arose while he was incarcerated at Crossroads Correctional Center in Shelby, Montana.

Mr. Wright names the same Defendants as named in his original Complaint: Security Chief A. Busby, Chief of Unit Management Duane Stewart, Warden Doug Fender, and all medical staff in 2015.  (Amended Complaint, Doc. 9 at 3-5.)

### B.  Allegations

Mr. Wright alleges his rights under the Eighth and Fourteenth Amendments to the United States Constitution have been violated in that he has been subjected to cruel and unusual punishment and denied equal protection.  (Amended Complaint, Doc. 9-1.)

Factually, he alleges he was in a physical relationship with a female staff member at Crossroads.  When another inmate learned of the relationship he tried to blackmail the female staff member.  The female staff member reported the blackmail and was fired.  The inmate who tried to commit blackmail received an infraction report for trying to engage in a physical relationship with a staff member

and was taken to lockdown. Mr. Wright, however, was not given an infraction. He was sent back to his housing unit and was not placed on separation status. On March 18, 2015, he was assaulted by one individual and was assaulted by two individuals on March 19, 2015. He seeks to hold Defendants Fender, Busby, and Stewart responsible for these assaults. (Amended Complaint, Doc. 9-1 at 2-3.)

Mr. Wright was placed in locked housing on March 20, 2015 when he continued to complain of problems from the assault. He was transported to the hospital on March 24, 2015. (Amended Complaint, Doc. 9-1 at 2-3.)

## II. SCREENING

Mr. Wright is a prisoner proceeding in forma pauperis so the Court must review his Amended Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. from such relief.

### A. Failure to Protect

As set forth in the Court's prior Order, "[p]rison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682

3

F.2d 1237, 1250-51 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats his safety. *See Farmer*, 511 U.S. at 834. The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837; *Gibson v. County of Washoe*, 290 F.3d 1175, 1187-88 (9th Cir. 2002); *Jeffers v. Gomez*, 267 F.3d 895, 913 (9th Cir. 2001).

While Mr. Wright provides additional factual information in his Amended Complaint, he fails to allege any facts regarding whether Defendants knew of and disregarded an excessive risk to his safety on March 18 or 19, 2015. He does not allege that he was assaulted by the inmate who received the infraction report for blackmail and he does not allege that the Defendants knew or should have known that he was in danger. Even if Defendants were aware that Mr. Wright had a relationship with a staff member, that does not automatically translate that he would be in danger of assault from other inmates. There is no allegation that he complained to Defendants or that Defendants were even aware that he was

4

assaulted on March 18, 2015. Mr. Wright failed to allege sufficient facts to plausibly suggest that Defendants knew of and disregarded a risk to his safety.

**B. Denial of Medical Care**

The Eighth Amendment requires that prisoners receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). To state an arguable section 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Mr. Wright failed to correct the deficiencies with his denial of medical care claims. He alleges that he complained about his medical issues on March 20, 2015 and was taken to the medical unit where he was evaluated and scheduled to be transported to the hospital on March 24, 2015. Between March 20, 2015 and March 24, 2015 he was held in locked housing and medical told him there was nothing they could do because of the head trauma. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical

5

needs. *McGuckin,* 974 F.2d at 1060 (*citing Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)). Mr. Wright still has not alleged what medical care he believes he should have received or how any alleged delay in treatment led to further harm.

Mr. Wright was also instructed in the Court's prior Order that he had to explain what each specific individual may or may not have done to violate his rights. He failed to do so. Additionally, he still has not provided the names of the medical staff personnel involved in his medical care. Naming the entire medical staff at Crossroads in 2015 is insufficient. Mr. Wright has not provided sufficient information to enable the court or Defendants to know whom he is trying to identify.

**III. COUNSEL**

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they file a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). Unlike criminal cases, a judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so. 28 U.S.C. § 1915(e)(1); *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Further, a judge may only request counsel for an

6

indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted). Mr. Wright does not meet this criteria. As set forth herein, Mr. Wright has not demonstrated a likelihood of success on the merits. In light of the recommendation to dismiss this matter, the Court will not appoint counsel.

## IV. CONCLUSION

The Court has considered whether Mr. Wright's Amended Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Mr. Wright's allegations fail to state a plausible claim upon which relief may be granted.

Although Mr. Wright need not set forth detailed factual allegations, the Court has previously advised him that he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting*

7

*Twombly*, 550 U.S. at 556). A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient. *Iqbal*, 556 U.S. at 678 (alteration in original, internal quotation marks omitted). Further, as the Supreme Court has made clear, if a "complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). The defects in Mr. Wright's original Complaint were explained by the Court in its prior Order. Mr. Wright was given an opportunity to provide additional factual allegations regarding his claims and he failed to provide sufficient information to state a claim.

Given his attempt at amendment, it is now clear that Mr. Wright is unable to cure the deficiencies of his federal civil rights claims by amendment and that granting him further leave to amend would be futile. The Court therefore recommends that the case be dismissed without further leave to amend and with prejudice for failure to state a claim. *See, e.g., Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) (explaining that a "district court's discretion in denying amendment is particularly broad when it has previously given leave to amend"); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is

absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

Based upon the foregoing, the Court issues the following:

## ORDER

Mr. Wright's request for the appointment of counsel as contained in his Amended Complaint (Doc. 9-1) is DENIED.

Further, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED for failure to state a federal claim.

2.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the Complaint lacks arguable substance in law or fact.

4.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Wright

failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Wright may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 22nd  day of January, 2018.

          */s/ John Johnston*
          John Johnston
          United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Wright is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.