# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| TIMOTHY WRIGHT<br><br>Plaintiff,<br><br>v.<br><br>A. BUSBY, et al.,<br><br>Defendants. | CV-16-98-GF-BMM-JTJ<br><br>**ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Plaintiff Timothy Wright ("Wright"), a prisoner proceeding pro se, filed his Complaint on September 6, 2016. (Doc. 2.) United States Magistrate Judge John Johnston found on July 10, 2017 that Wright's Complaint failed to state a claim upon which relief may be granted. (Doc. 8.) Judge Johnston afforded Wright the opportunity to amend his Complaint by August 4, 2017. *Id*. Wright timely filed his Amended Complaint on August 2, 2017. (Doc. 9.)

The Amended Complaint alleges that Defendants violated Wright's Eighth and Fourteenth Amendment rights by deliberate indifference to potential physical abuse by other inmates, and denial of medical care.

Judge Johnston issued Findings and Recommendations in this matter on January 22, 2018. (Doc. 10.) Judge Johnston recommended that the Court dismiss Wright's Amended Complaint for failure to state a claim upon which relief can be granted. (Doc. 10 at 1.)

The Court reviews *de novo* findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C). Portions of findings and recommendations to which no party specifically objects are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Wright filed an objection. (Doc. 11.) The document requests leave to file a Second Amended Complaint and provides additional factual allegations that Wright argues meet the standard detailed by Judge Johnston's order. The Court will review *de novo* Judge Johnston's recommendations to dismiss Wright's claims.

## I. Deliberate Indifference

Wright alleges that he engaged in a physical relationship with a female staff member of Crossroads Correctional Center. (Doc. 9-1 at 2.) Wright further alleges

that another inmate learned of the relationship and attempted to "blackmail" the staff member with the information. (Doc. 9-1 at 2.) Crossroads discharged the staff member after she reported the relationship and blackmail attempt to her superiors. (Doc. 9-1 at 2.) The inmate who attempted the blackmail allegedly earned an infraction report and placement in restricted housing. (Doc. 9-1 at 3.) Wright alleges that he was interviewed by the Warden, but was not disciplined. (Doc. 9-1 at 3.)

Wright further alleges that he was assaulted by other inmates on March 18, 2015 and March 19, 2015. (Doc. 9-1 at 3.) Wright claims that this assault caused serious injury to his head. (Doc. 9-1 at 3.) Wright seeks to hold Defendants Fender, Busby, and Stewart responsible for the assault. (Doc. 9-1 at 2-3.)

Prison officials have a duty "to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250-51 (9th Cir. 1982). A prisoner alleging a violation of this duty must show that prison officials acted "deliberately indifferent" to serious safety threats. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). This standard requires the prisoner to demonstrate both: 1) that a prison official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm" to the prisoner existed; and 2) that the prison official in fact drew such inference. *Farmer*, 511 U.S. at 837.

Judge Johnston found that Wright's Amended Complaint failed to allege facts regarding whether Defendants knew of and disregarded an excessive risk to his safety. (Doc. 10 at 4.) Judge Johnston explained that Wright failed specifically to allege that Defendants knew or should have known that he was in danger. (Doc. 10 at 4.) Specifically, Judge Johnston noted that "[e]ven if Defendants were aware" of Wright's relationship with the staff member, "that does not automatically translate that he would be in danger of assault from other inmates." (Doc. 10 at 4.) Judge Johnston concluded that granting Wright further leave to amend would be futile. (Doc. 10 at 8.)

Wright objects to Judge Johnston's recommendation that the Court should dismiss his deliberate indifference claim. (Doc. 11 at 2.) Wright specifically contends that amendment would not be futile. (Doc. 11 at 3.) Wright alleges new facts in his objection. (Doc. 11 at 3.) Wright's objection alleges that Wright informed Defendants on March 18, 2015, that he feared returning to his assigned housing. (Doc. 11 at 3.) Wright alleges that he informed Defendants of his fear that other inmates would see Defendants' failure to discipline Wright as "favorable treatment" for "being a 'snitch.'" (Doc. 11 at 3.) Wright contends that Defendants dismissed these concerns and nevertheless returned him to his housing unit where he was assaulted on March 18 and 19, 2015. (Docs. 11 at 3; 9-1 at 3.)

The Court remains mindful of Archer's *pro se* status. The Court must "liberally construe" *pro se* filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

Wright has alleged that Defendants had knowledge that Wright perceived that he was in danger. Wright has further alleged that Defendants dismissed these concerns. These factual allegations could arguably support that Defendants were aware of a substantial risk of serious harm to Wright. *Farmer*, 511 U.S. at 837. Therefore, it is not "absolutely clear" that granting Wright further leave to amend his deliberate indifference claim would be futile. *Weilburg*, 488 U.S. at 1205. The Court rejects Judge Johnston's recommendation to dismiss Wright's deliberate indifference claim.

## II. Denial of Medical Care

Wright alleges that following the March 18, 2015, and March 19, 2015, assaults, Defendants failed to provide adequate medical care to treat his head injuries. (Doc. 9-1 at 3.) Wright claims that he was not treated for his injuries until he was transported to the hospital on March 24, 2015. (Doc. 9-1 at 3.)

Judge Johnston found that Wright's denial of medical care claim failed to allege sufficient facts to support that the delay in care led to further harm. (Doc. 5 at 10.)

The Eighth Amendment mandates that prison officials afford prisoners adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prisoner must demonstrate that the delay in care led to further harm, however, to state an arguable claim for deliberate indifference to serious medical needs. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Wright argues that granting leave to amend his denial of medical care claim would not be futile. (Doc. 11 at 3.) Wright alleges additional facts in support. (Doc. 11 at 3.) These additional facts include that Wright has yet to recover fully from the injuries. (Doc. 11 at 3.)

Wright's additional facts, liberally construed, still fail to demonstrate how any alleged delay in treatment led to further harm. Not even the most liberal reading of Wright's additional facts allege further harm. It is "absolutely clear" that the deficiencies in Wright's denial of medical care claim cannot be cured by amendment. *Weilburg*, 488 U.S. at 1205.

## ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 63) are **ADOPTED IN PART** and **REJECTED IN PART** in accordance with the above order.

Wright's denial of medical care claim is **DISMISSED** for failure to state a claim. Defendants Medical Staff are **DISMISSED**.

On or before March 9, 2018, Wright may file a Second Amended Complaint on the form to be provided by the Clerk of Court's Office.

DATED this 14th day of February, 2018.

Brian Morris
United States District Court Judge