IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TIMOTHY WRIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>CROSSROADS CORRECTIONAL CENTER, (FNU) BERKEBILE; (FNU) FENDER; (FNU) BUSBY; (FNU) STEWART; and (FNU) WEAVER,<br><br>Defendants.[1] | CV 16-00098-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending is Defendants Crossroads Correctional Center (CCC), Berkebile, Fender, Busby, and Weaver's Motion for Summary Judgment based upon Plaintiff Timothy Wright's failure to exhaust his administrative remedies (Doc. 18) and Mr. Wright's Motion for Summary Judgment on the same issue (Doc. 27). The Court finds that Mr. Wright failed to exhaust his administrative remedies regarding his claims and as such Defendants' motion should be granted and Mr. Wright's Motion for Summary Judgment should be denied.

---

[1] The case style has been amended to reflect the correct spelling of "Defendant Burkbile" as Defendant Berkebile as indicated in Defendants' Statement of Undisputed Facts (Doc. 21 at ¶ 2.)

1

Defendant Stewart was not served. While the Court has the duty to serve a complaint that passes the statutory screening requirements, see 28 U.S.C. § 1915(d), a plaintiff proceeding in forma pauperis still must provide accurate and sufficient information to effect service. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994)(*overruled on other grounds, Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)); see also Fed. R. Civ. P. 4. When an IFP plaintiff fails to provide the Court with accurate and sufficient information to effect service of the summons and complaint, it is appropriate for the Court to sua sponte dismiss the unserved defendant. *Walker*, 14 F.3d at 1422. Counsel for Defendants indicated on the July 3, 2018 Waiver of Service that he could not waive service for Defendant Stewart because he had been unable to contact Stewart. (Doc. 15 at 1.) Thereafter, Mr. Wright did not provide sufficient information to serve Defendant Stewart. It would be futile to allow Mr. Wright any further opportunity to provide service information Defendant Stewart in light of the Court's findings that Mr. Wright failed to exhaust his administrative remedies with regard to all claims at issue. As such, this matter should be dismissed in its entirety.

## I. MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a).

The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id*. On summary judgment, all inferences should be drawn in the light most favorable to the party opposing summary judgment. *Id*. at 159.

By notice provided on August 16, 2018 (Doc. 22), Mr. Wright was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998)(en banc); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

## II. ALLEGATIONS

Mr. Wright's Second Amended Complaint (Doc. 13) alleges he had a sexual relationship with a kitchen worker at CCC and as a result of this relationship, he was assaulted by another inmate. He contends Defendants' actions or omissions led to this assault and thereafter he was not provided adequate medical care. (Defendants' Statement of Undisputed Facts, Doc. 21 at ¶ 1.)

## III. FACTS

At all times that Mr. Wright was incarcerated at CCC, CCA's contract with

3

the State of Montana mandated that CCC utilize Montana State Prison Procedure No. 3.3.3 ("MSP Procedure 3.3.3") as the administrative grievance procedure at CCC. (Defendants' Statement of Undisputed Facts, Doc. 21 at ¶ 5.) Defendants produced MSP Procedure 3.3.3 which became effective on May 13, 2009. (Doc. 20-1.) Mr. Wright argues that the procedure was updated on December 8, 2016 and he contends that is the applicable procedure. (Wright's Statement of Disputed Facts, Doc. 24 at 2, ¶ 3, MSP Procedure 3.3.3 revised December 8, 2016, Doc. 24-1.) Mr. Wright is complaining of events which occurred in March 2015 and as such he would have had to comply with the procedure in effect at that time –MSP Procedure 3.3.3 which became effective May 13, 2009 and not the procedure which was revised over a year after the incidents at issue. All references to MSP Procedure 3.3.3 herein refer to the May 2009 version of the policy (Doc. 20-1).

In order to exhaust the grievance process at CCC, an inmate is required to submit an Inmate/Offender Informal Resolution Form within five working days of the event at issue. (Defendants' Statement of Undisputed Facts, Doc. 21 at ¶ 7.) If an inmate is not satisfied with the informal resolution process and wishes to exhaust administrative remedies, he must file a formal grievance within five days of the response to his informal resolution form. (Defendants' Statement of Undisputed Facts, Doc. 21 at ¶ 8.) If an inmate is not satisfied with the response

4

to his formal grievance and wishes to exhaust administrative remedies, he must appeal the grievance decision to the Warden within five days of the response to the inmate's formal grievance. (Defendants' Statement of Undisputed Facts, Doc. 21 at ¶ 9.) If the inmate is unsatisfied with the Warden's response and wishes to exhaust administrative remedies, he must appeal the Warden's decision to the MDOC Director. The MDOC Director's "response is final, and exhausts all administrative remedies available to the inmate through the inmate grievance program." (Defendants' Statement of Undisputed Facts, Doc. 21 at ¶ 10.)

At various times, Mr. Wright has filed informal or other grievances related to his incarceration, however, he did not file any informal resolution or comply with any other step of the grievance procedure related to the March 2015 assault or medical care issues alleged in his Second Amended Complaint. (Defendants' Statement of Undisputed Facts, Doc. 21 at ¶ 14.)

## IV. ANALYSIS

The Prison Litigation Reform Act ("PLRA")'s exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). This means a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Exhaustion is mandatory. *Booth,* 532 U.S. at 741; *Jones v. Bock*, 549 U.S. 199, 211 (2007). Under the PLRA, prison regulations define the exhaustion requirements. *Jones*, 549 U.S. at 218.

The defendant bears the ultimate burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant initially shows that (1) an available administrative remedy existed and (2) the prisoner failed to exhaust that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). Once the defendant has carried that burden, the prisoner must produce evidence demonstrating that "the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (internal citations and quotation marks omitted).

If is undisputed that Mr. Wright did not file any informal resolution or comply with any other step of the grievance procedure related to the assault or medical care issues alleged in his Second Amended Complaint and has not exhausted the CCC grievance procedure at any time for these issues prior to filing this lawsuit. (Defendants' Statement of Undisputed Facts, Doc. 21 at ¶ 14.)

Mr. Wright points to the section of the grievance policy which provides that a grievance will not be processed if it seeks monies that are punitive in nature or requests monies that exceed the actual financial damages incurred and that an investigation is the only acceptable action in regards to staff conduct issues. (MSP Procedure 3.3.3 (III)(P)(2).) Based upon this section of the policy, Mr. Wright argues that because he was only seeking monetary damages which were unavailable under the grievance procedure, the available administrative remedies were obviously futile. (MSJ Response, Doc. 23 at 2.)

As Defendants correctly argue, this argument is foreclosed by *Booth v. Churner*, 532 U.S. 731 (2001). In *Booth*, the inmate plaintiff claimed prison officials violated his Eighth Amendment rights by assaulting him and denying him medical treatment for his injuries. *Id.* at 734. Mr. Booth argued that he was not required to exhaust his administrative remedies because the prison's administrative procedure had no provision for recovery of money damages. *Id.* at

7

734. The Supreme Court framed the issue as, "whether or not a remedial scheme is 'available' where, as in Pennsylvania, the administrative process has authority to take some action in response to a complaint, but not the remedial action an inmate demands to the exclusion of all other forms of redress." *Id.* at 736.

The United States Supreme Court rejected the idea that inmates could skip the administrative grievance process "simply by limiting prayers for relief to money damages not offered through administrative grievance mechanisms." *Id.* at 741. The Court held that procedural exhaustion is required "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible." *Id.* at 739. The Supreme Court concluded stating that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Id*. at 741. In *Porter v. Nussle*, 534 U.S. 516 (2002), the Court reiterated that, "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Id*. at 524 citing *Booth*, 532 U.S. at 741.

Mr. Wright argues that he would have violated the grievance policy by seeking monetary damages. That may be true, but he still could have exhausted his administrative remedies by requesting an investigation and completing the grievance process. The Supreme Court has foreclosed his argument that he could

8

avoid exhaustion by limiting his request for relief to damages. As such, Defendants' motion for summary judgment should be granted.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Defendant Stewart should be DISMISSED WITHOUT PREJUDICE.

2. Defendants' Motion for Summary Judgment (Doc. 18) should be GRANTED and this matter DISMISSED WITHOUT PREJUDICE.

3. Mr. Wright's Motion for Summary Judgment (Doc. 27) should be DENIED.

4. The Clerk of Court should be directed to close the case and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

5. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations

9

within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 12th day of February, 2019.

                                              */s/ John Johnston*
                                              John Johnston
                                              United States Magistrate

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Wright is being served by mail, he is entitled an additional three days after the period would otherwise expire.