IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TIMOTHY WRIGHT, | CV 16-98-GF-BMM |
| Plaintiff, | |
| vs. | AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |
| CROSSROADS CORRECTIONAL CENTER, (FNU) BERKEBILE; (FNU) FENDER; (FNU) BUSBY; (FNU) STEWART; AND (FNU) WEAVER, | |
| Defendants. | |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this case on February 12, 2019. (Doc. 34.) Judge Johnston determined that Plaintiff Timothy Wright failed to exhaust his administrative remedies. *Id.* at 1, 8. Judge Johnston recommended that that Court grant Defendants Crossroads Correctional Center, Berkebile, Fender, Busby, and Weaver's Motion for Summary Judgment. *Id.* at 9. Judge Johnston likewise recommended that the Court deny Wright's Motion for Summary Judgment. *Id.*

1

Judge Johnston ultimately recommended that this matter and Defendant Stewart both be dismissed without prejudice. *Id*. The Court adopted in full Judge Johnston's Findings and Recommendations on March 6, 2019. (Doc. 35.)

Wright filed his objection to Judge Johnston's Findings and Recommendations on March 11, 2019. (Doc. 37.) The United States Code authorizes a party to object to the Court's Findings and Recommendations within fourteen days of being served. 28 U.S.C. § 636(b)(1). Federal Rule of Civil Procedure 6(d) provides a party an additional three days "after the period would otherwise expire" when a party is served by mail. The Court mailed Judge Johnston's Findings and Recommendations to Wright on February 12, 2019. (Doc. 33.) Wright signed and dated his objection on February 26, 2019. (Doc. 37 at 4.) Therefore, the Court will treat Wright's objections as timely filed.

The Court reviews de novo Findings and Recommendations timely objected to. 28 U.S.C. § 636(b)(1). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the

same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Wright objects to Judge Johnston's recommendation that Defendant Stewart be dismissed without prejudice. (Doc. 37 at 2.) Wright claims that he received a document that stated that "all Defendants were to be electronically servered [sic] and as such [he] had no need to worry about this process." (Doc. 37 at 2.) Wright provides no "legal argument and supporting authority" for this objection. *Montana Shooting Sports Ass'n*, 2010 WL 4102940, at * 2. The Court reviews for clear error Wright's objection regarding Judge Johnston's recommendation that Stewart be dismissed without prejudice from the instant action. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error.

Wright further objects to Judge Johnston's recommendation that Defendants Crossroads Correctional Center, Berkebile, Fender, Busby, and Weaver's (collectively "Defendants") Motion for Summary Judgment (Doc. 18) should be granted, and that Wright's Motion for Summary Judgment (Doc. 27) should be

denied. (Doc. 37 at 1.) Wright contends that he "did not fail to exhaust is administrative [r]emedies as none were available to him." *Id*. Wright's objection advances the same arguments made by Wright both in his response to Defendants Motion for Summary Judgment and in his brief in support of his Motion for Summary Judgment. (Docs. 23, 28.) Judge Johnston considered these arguments in making his recommendation to the Court. The Court determines that no specific objections exist that do not attempt to relitigate the same arguments. *See Rosling*, 2014 WL 693315 *3. The Court will review Judge Johnston's recommendation that Defendants Motion for Summary Judgment be granted and Stewart's Motion for Summary Judgment be denied for clear error. *See id*. The Court finds no error.

Accordingly, IT IS ORDERED:

1. Judge Johnston's Findings and Recommendations (Doc. 34) is ADOPTED IN FULL.

2. Defendant Stewart is DISMISSED WITHOUT PREJUDICE.

3. Defendants Crossroads Correctional Center, Berkebile, Fender, Busby, and Weaver's Motion for Summary Judgment (Doc. 18) is GRANTED.

4. Wright's Motion for Summary Judgment (Doc. 27) is DENIED.

5. The Clerk of Court shall close this case and enter judgment in favor of Defendants pursuant to Federal Rule of Civil Procedure 58.

6. The Clerk of Court shall have the docket reflect that the Court certifies

pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) that any

appeal of this decision would not be taken in good faith.

DATED this 17th day of April, 2019.


Brian Morris
United States District Court Judge